THE PEOPLE ex rel. EDWARD J. REARDON, Relator, *v.* WILLIAM FLYNN, as Warden of the City Prison of the City of New York, Defendant.

(Supreme Court, New York Special Term, April, 1908.)

Officers — Privileges, powers and liabilities — Criminal liability — Oppression.

   Where a police officer entered a saloon and, without any provocation or justification, pointed a pistol at a woman who was there and called her vile names and detained her against her will and committed acts whereby she was injured, the officer is guilty of oppression under section 556 of the Penal Code.

HABEAS corpus proceeding.

William Travers Jerome, District Attorney (Robert Johnston, of counsel), for People.

John P. McGovern, for complainant.

Abraham Levy, for relator.

LEVENTRITT, J.   In this case the relator entered a saloon and without any provocation or justification pointed a pistol at the complainant and called her vile names.   No arrests were made, and so far as the record discloses, there was no

occasion for an arrest. . The complainant was so badly frightened that she became ill. The relator offered no evidence. The magistrate believed the complainant and held the relator for oppression. The acts committed in this case seem even more unwarrantable than those in the Marks case, and I am of the opinion that in view of the magistrate's finding the relator unlawfully and maliciously, under cover of official authority, detained the complainant against her will and committed acts whereby she was injured. That, says the Penal Code, constitutes oppression. The writ must be dismissed.

Writ dismissed.